IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CASE NO. 4:06cr253 |
| | § | APPEAL NO. 08-40473 |
| JEFFREY DEAN HESS | § | |

**MEMORANDUM OPINION AND ORDER**

On March 18, 2008, this court entered an order denying the Defendant's motion to reduce sentence. The Defendant submitted a *pro se* notice of appeal that is dated April 15, 2008 and stamped as filed April 23, 2008. The final day for filing a timely notice of appeal was April 1, 2008.

Rule 4(b)(1) of the Federal Rules of Appellate Procedure affords a criminal defendant ten (10) days in which to file a notice of appeal. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty (30) days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since Hess filed his notice of appeal within the additional thirty (30) day period, the Fifth Circuit remanded the case to this court on June 3, 2008 for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. This court subsequently entered an order on July 9, 2008, directing Hess to file an affidavit with the court by August 8, 2008 explaining whether the untimely filing of his notice of appeal was due to excusable neglect or good cause.

Thereafter, the court received the Defendant's explanation for the untimely filing of his notice of appeal. The Defendant stated that the personnel at FCI Fort Worth failed to provide him

with postage and refused to make photocopies. The Defendant appears to argue that this conduct prevented him from timely filing his notice of appeal.

In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[1] However, ignorance of the rules or mistakes construing the rules typically do not constitute excusable neglect or good cause. *See United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995), citing *Pioneer*, 113 S.Ct. at 1496.

The court finds that Hess's argument lacks merit. Although Hess contends that he was denied postage and copies, the court notes that Hess successfully filed motions with the court while housed at FCI Fort Worth, including the motion that is involved in the instant appeal. Accordingly, the court finds that Hess's untimely filing of his notice of appeal was not due to excusable neglect or good cause. It is, therefore,

**ORDERED** that the Clerk of this Court shall return this case to the Fifth Circuit Court of Appeals for further proceedings.

---

[1] Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

IT IS SO ORDERED.

**SIGNED this the 18th day of August, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE